IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Benjamin Davis, | C/A No. 1:10-2101-HMH-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Anthony J. Padula, Warden of LCI; Ms. Reames, Head of Classification of LCI; Ms. Winters, Classification Personnel of LCI; Ms. Williams, Classification Personnel of LCI; and Margaret Bell, Associate Warden for Security, | |
| Defendants. | |

Plaintiff, John Benjamin Davis ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at Lee Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district court. The complaint names SCDC employees as defendants. Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

Plaintiff claims he was assaulted by other inmates, which he alleges violated his Eighth Amendment rights to be free from cruel and unusual punishment. He seeks injunctive relief and monetary damages. For the following reasons, the undersigned

recommends the complaint be dismissed for failure to state a claim upon which relief may be granted.

I.  Pro Se and In Forma Pauperis Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

This court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89 (2007)*; Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, the *pro se* complaint is subject to

summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

II. Discussion

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (*quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint states that Plaintiff received a disciplinary charge and was moved, prior to his disciplinary hearing, to "the wors[t] dorm of the yard." He was subsequently stabbed several times by unknown inmates. After he received medical attention, he was placed in administrative protective custody.

Plaintiff alleges that his Eighth Amendment rights were violated because he was assaulted by other inmates. Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim. *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir.1987). Although Plaintiff alleges he was moved to "the worst dorm on the yard," he makes no allegations that the defendants knew of any specific risk of harm and then disregarded the risk. Not every injury suffered by one inmate at the hands of another inmate translates into constitutional liability for the prison officials responsible for the victim's safety. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

In *Farmer*, the Supreme Court defined deliberate indifference, holding that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. The test is not whether an official knew or should have known of the possibility of harm, but whether he did, in fact, know of it and consciously disregarded that risk. "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The Eighth Amendment is not violated by the negligent failure to protect inmates from violence. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Moore v. Winebrenner*, 927 F.2d 1312 (4th Cir. 1991); *Pressly*, 816 F.2d 977.

Plaintiff makes no specific allegations that the defendants actually knew, and disregarded, a substantial risk of serious harm to him. In fact, after Plaintiff was stabbed, which was the first indication that Plaintiff may need protection based on the facts alleged in the complaint, Plaintiff was placed in protective custody. The complaint fails to allege facts that indicate Defendants knew of and deliberately disregarded a known danger to Plaintiff, and thus fails to state a claim for violation of the Eighth Amendment. The complaint should be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

III.  Conclusion

For the foregoing reasons, the undersigned recommends the complaint be dismissed without prejudice and without issuance and service of process. 28 U.S.C. § 1915A (holding that, as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

*[Signature]*

September 23, 2010  
Florence, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**